**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **TAYLOR KILLIAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:23-cv-02900** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GREEN GENE CBD,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff, Taylor Killian ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Green Gene CBD ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3.    Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.     All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5.     A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7.     At all times material to the allegations of this Complaint, Plaintiff, Taylor Killian resided in St. Clair County in the State of Illinois.

8.     At all times material to the allegations in this Complaint, Defendant, Green Gene CBD was a corporation doing business in and for St. Clair County whose address is 134 Saint Clair Square. Suite #247, Fairview Heights, IL 62208.

9.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11.     Plaintiff worked for Defendant as a sales associate from March 2023 until her unlawful termination on or around April 2023.

12.     As a sales associate, Plaintiff's duties included, but were not limited to, the

following:

- Greet customers;
- Assist customers in understanding the benefits of CBD and guide them towards the products that best fit their needs;
- Operate a cash register; and
- Successfully complete transactions and handle money.

13. Plaintiff has a disability as a result of Crohn's disease, Hidradenitis, and susceptibility to migraines (collectively, "disability").

14. Plaintiff's Crohn's disease causes abdominal pain and cramping, reduced appetite, bowel issues, and gastrointestinal inflammation.

15. Plaintiff's Hidradenitis causes lumps to appear under her skin that cause pain and tend to enlarge overtime, resulting in discharge, swelling, and rashes.

16. Plaintiff's susceptibility to migraines is debilitating, as the migraines she experiences cause her vision to blur, curb her appetite, make her sensitive to light, and cause her to become bedridden. Plaintiff takes medication for her migraines.

17. Plaintiff's disability substantially affects major life activities such as her ability to care for herself, walking, seeing, cognitive function, and her ability to have bowel movements.

18. Regardless of Plaintiff's disability, she was able to perform the essential functions of her job with or without accommodation.

19. Plaintiff is a "qualified individual" as defined under the ADA.

20. Plaintiff informed Defendant of her disability upon her hire, and she was assured that it would not be an issue.

21. On or around April 8, 2023, Plaintiff had a disability-related flare-up in which she

fainted and threw up several times.

22.     Plaintiff immediately notified Manager Andrea (LNU, non-disabled) of the flare-up and engaged in protected activity to request time off work to care for her disability.

23.     Initially, Defendant was receptive of Plaintiff's need for reasonable accommodation.

24.     In or around early April 2023, Plaintiff noticed her manager, Andrea (LNU) overcharging customers; Plaintiff was shocked and confused at this conduct, and knew that it was against the law to misrepresent the price of goods or take advantage of customers to a grossly unfair degree.

25.     As a result, Plaintiff approached Manager Andrea about her overcharging customers and Andrea admitted that she often overcharges customers to make sales quotas.

26.     After speaking with Manager Andrea and concluding that she was going to continue this illegal activity, Plaintiff reported Manager Andrea's conduct to Defendant's owner, Shaun (LNU).

27.     Plaintiff reported to Owner Shaun that Manager Andrea was overcharging customers and presented receipts, that she was sleeping on the job, and that she often left the store unattended.

28.     Upon information and belief, Defendant via its owner did not investigate Plaintiff's claims or take steps to prevent further overcharging of its customers.

29.     Further, when Plaintiff's disability continued to flare-up debilitating her, Defendant failed to engage in the interactive process to determine the appropriate reasonable accommodation.

30.     When Plaintiff later informed Manager Andrea that her migraines would prevent

her from coming to work as a result of the above-listed symptoms, Manager Andrea told Plaintiff to take Tylenol or Ibuprofen.

31.     Plaintiff was surprised at Manager Andrea's nonchalance and disinterest in her condition, and responded that those medications do not work for her migraines, only headaches.

32.     Manager Andrea continued to press Plaintiff to come into work, despite Plaintiff's pleading.

33.     Defendant effectively failed to accommodate Plaintiff's disability based on the foregoing.

34.     Upon information and belief, the only absences that Plaintiff had were related to her migraines onset by her disability.

35.     Ultimately, Plaintiff was terminated on or around April 26, 2023 via text by Manager Andrea.

36.     Manager Andrea cloaked Plaintiff's termination in reasons of inconsistent sales and attendance, but the purported reason was in part retaliation for Plaintiff engaging in protected activity and opposing disability discrimination.

37.     Plaintiff performed her job to satisfaction and Defendant subjected Plaintiff to adverse employment actions for engaging in protected activity.

38.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

39.     Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for time off of work to care for her disability-related symptoms.

40.     Other similarly situated employees outside of Plaintiff's protected class (non-disabled) were not subject to the same treatment and termination as Plaintiff.

41.     Ultimately, Plaintiff was terminated on the basis of Plaintiff's disability and for engaging in a protected activity as described above.

42.     The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

**COUNT I**
**Violation of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

43.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

45.     Plaintiff met or exceeded performance expectations.

46.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

48.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

49.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

50.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

51.     As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

52.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

54.     Plaintiff is a qualified individual with a disability.

55.     Defendant was aware of the disability and the need for accommodations.

56.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

57.     Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

58.     Defendant did not accommodate Plaintiff's disability.

59.     Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

60.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>**COUNT III**</u>
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

62.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

63.     Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

64.     During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations and opposed unlawful disability-based discrimination.

65.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

66.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff engaging in the above-described protected activity, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

67.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

68.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

69.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.      Back pay with interest;

b.      Payment of interest on all back pay recoverable;

c.      Front pay;

d.      Loss of benefits;

e.      Compensatory and punitive damages;

f.      Reasonable attorneys' fees and costs;

g.      Award pre-judgment interest if applicable; and

h.      Award Plaintiff any and all other such relief as the Court deems just and
        proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 22nd day of August 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*